## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SETH D. WILSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:20-cv-03442 |
| GC SERVICES, LP, | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT

**NOW COMES** Seth D. Wilson ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GC Services, LP ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in this district, Plaintiff resides in this district, and a substantial portion of the events or omissions giving rise to the claims occurred within the district.

## PARTIES

4.  Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.  Defendant is a limited partnership with its principal place of business located at 6330 Gulfton Street, Houston, Texas.

6.  Defendant is a third party debt collector that regularly collects debts using the mail and/ or telephones.

7.  Defendant transacts business in Colorado by attempting to collect debts allegedly owed by Colorado consumers.

## FACTS SUPPORTING CAUSES OF ACTION

8.  Around 2016, Plaintiff began receiving unsolicited phone calls to his cellular phone number, (720) XXX-0109, from Defendant attempting to collect on a defaulted student loan debt, in the amount of approximately $4,000 ("subject debt").

9.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 0109. Plaintiff is and always has been financially responsible for his cellular phone and its services.

10. Plaintiff allegedly incurred the subject debt when he attended classes at the Art Institute of Colorado.

11. Around November 2018, Defendant increased the frequency of its collection calls to Plaintiff.

12. Around November 9, 2018, Plaintiff answered a call from Defendant and explained that he was having financial difficulty and could not afford to pay the subject debt. Defendant's

representative stated that he should find someone to assist him in paying the subject debt. Plaintiff then made a $10 payment and requested that Defendant cease placing calls to his cellular phone.

13. Failing to acquiesce to Plaintiff request that it stop calling, Defendant continued to place collection calls to Plaintiff's cellular phone.

14. Notwithstanding Plaintiff's request that Defendant's collection calls cease, Defendant placed or caused to be placed multiple calls to Plaintiff's cellular telephone between November 2018 through the present day, in an attempt to collect on the subject debt.

15. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

21. On January 29, 2020, in an attempt to resolve the situation, Plaintiff's counsel sent an e-mail to counsel for Defendant informing them Plaintiff was represented and seeking relief, putting Defendant on notice Plaintiff was represented by counsel regarding the subject debt.

22. Despite being on notice, Defendant continued to contact Plaintiff in an attempt to collect the subject debt.

### DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

25. In addition, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone

dialing system ("ATDS") without his prior express consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

30. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Defendant violated the TCPA by placing numerous harassing phone calls to Plaintiff's cellular telephone from November 2018 through the present day, using an ATDS without his prior consent.

32. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, SETH D. WILSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Enjoining Defendant from contacting Plaintiff; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

## <u>COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

40. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

41. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

42. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

43. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

44. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

45. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(2), d, and d(5), through its unlawful debt collection practices.

   **a.   Violations of FDCPA § 1692c**

46. Defendant violated §1692c(a)(1) when it continuously called Plaintiff without his prior consent and after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

47. Furthermore, Defendant has relentlessly called Plaintiff on multiple occasions without his prior consent. The nature and frequency of the calls show that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

48. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

49. Moreover, Defendant violated §1692c(a)(2) when it continued to contact Plaintiff about the subject debt after being put on notice Plaintiff was represented by counsel.

### b. Violations of FDCPA § 1692d

50. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone without his prior consent seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease.

51. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed multiple harassing phone calls to Plaintiff's cellular telephone, using an ATDS without his prior express consent.

52. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts without prior consent through incessant harassing phone calls to the cellular phones of consumers, including Plaintiff.

53. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls without prior consent to consumers in Colorado in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

54. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff SETH D. WILSON respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: November 20, 2020

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com